Half a day may please the court. My name is Jordan Pauloon and I'm joined by my co-counsel Sandra Cruz Miller who was on the briefs for this case as well. I will reserve about four minutes for rebuttal. The District Court's denial of qualified immunity for former Director Daphne Shimizu and now Director and former Deputy Director Marie Lizama must be reversed. First, the District Court misconstrued the facts that were pled in plaintiff's complaint in ascribing the taxpayer's actions to DRT when it came to certain settlement actions. Can I interrupt you for a minute? Yes. How much is left of this case given the decision with respect to Titan in the Guam courts? I don't think that there's much left of this case given the decision from Titan which was actually done by the Superior Court of Guam in response to a partial lift of the automatic stay in bankruptcy because Titan entered into bankruptcy and then the award in the Superior Court was actually done at the direction of the Bankruptcy Court who said go and file a motion for award over the money that was in bankruptcy. Can I ask a follow-up question? The Superior Court, I think it's a judgment entered in the Superior Court, is that right? The judgment in the Titan case. Right, for $600,000. Is there to be more or is that, does that resolve that claim? I don't think that there was a $600,000 judgment from the Superior Court because what happened is there were proceedings ongoing and Titan declared bankruptcy. So what you get is a judgment. That's the part we know. Can you just tell us, going back to Judge Fletcher's question, what's left? Where are they now? What's left is they've been discharged from bankruptcy and there's no further proceedings in the Superior Court of Guam to determine the rights of the parties. The whistleblower in that case was awarded 30% of the proceeds which is the maximum allowable under the statute. Is it 30% of $600,000? 30% of $600,000 because it's 30% of sums collected. That answers that question. But there are two other claims that he was concerned about and what's the, well we'll ask opposing counsel too, but what's remaining of the request for injunctive relief? The request for injunctive relief I think is just broadly as to all of his pending claims which I think is one of the issues here related to injunctive relief and the interpretations of the statute. I think he has at least two cases ongoing still in the Superior Court of Guam related to those two things in which he may still be seeking injunctive relief as to the... Your understanding that there's a request for injunctive relief to prevent the state from doing in those cases what it did in this case? Is that your understanding? That, as best as I can discern it, yes that's my understanding. I think you started by answering Judge Fletcher's question as there's not much left in this case, but I think going directly to the focus order that was issued by this court, is this case moot? What is your position on that question? I actually never think that the federal court should have had this case in the first place. I think under... That's not really my question. On the mootness, I think by and large it's moot because if the district court found that there was a case because of an inadequate state remedy and we can see that he has gone to the Superior Court of Guam and gotten a remedy, it's not inadequate. I think the question is, isn't there still a claim, if he has a due process claim, and in fact DRT failed to provide notice of its settlement and the collection of certain proceeds that it didn't pay until and unless there was an order filed by the bankruptcy court and the Superior Court, isn't there still some part of that due process claim that is before us properly and that is not moot? Potentially on the injunctive relief, not on the qualified immunity question because what this appeal really is over is over the denial of qualified immunity to the two individuals, the two individual directors. Well, qualified immunity is not relevant unless there is an underlying claim for a constitutional violation, which is a due process. Yes, and I agree. And I actually don't think that there's a due process violation whether or not that there's a judgment done. You're arguing that on the merits, so that's not your position with respect to the case being moot. As to the case being moot, I think there are strong arguments for it, but I do think he has other ongoing proceedings in which he is seeking the district court's intervention in the Carson case and the Per March case that I believe are still ongoing in the Superior Court of Guam. And I think those are the two cases that you were referring to a minute ago in which you said your understanding is that what he wants is an order, injunctive relief, that prevents the state or Guam from doing in those cases what it did in this case. That's your understanding. That's my understanding of his argument. That said, when it comes to the actual statute, I think the actual – when it comes to the qualified immunity question and ultimately the underlying merits of the constitutional claim, the whistleblower statute is anything but clear, obvious, or well settled. I don't – I think the meaning of the Guam whistleblower statute is subject to ongoing litigation and debate in the same way that the Federal False Claims Act is. What specifically are you referring to when you say that? So one of the things here is that the allegation – one of the allegations in the complaint is that the government defendants had at least entered into settlement negotiations with a QITAM defendant in cases down below. And that's part of what he complains about is the secret settlement negotiations. In his complaint, it's very tenuous as to whether he even adequately pleads that a settlement has actually been reached. What he says is that an offer in compromise was received from the taxpayer. The district court actually turns that around and says that the Department of Revenue and Taxation gave that. But if you actually look at the statute, paragraph B of 5GCA 37203, it actually reserves settlement rights to the government, not to the QITAM. And that paragraph – Counsel, could I jump in here? Yes. It's going to be. But what about E, the same statute, 37203? It seems to me it expressly says, contrary to your position that the statute is vague, it says the government of Guam may elect to pursue its claim through any alternate remedy available to the government of Guam. And then it says including, and it goes on to the different kinds of proceedings that it can pursue. Yeah, so it talks about some of the types of proceedings such as civil monetary penalties. So there are four rights in the statute if you look at it. It starts by saying the government of Guam may elect to pursue its claim through any alternate remedy available to the government of Guam. And then it says including, and it lists some. So what's vague about that? I don't think that there's anything vague about that particular sentence. What I think happens is when is the QITAM relator entitled to information or participation in the case? And that's where I think it's actually quite fraught with uncertainty. Let me ask you this. I think what you're arguing is that it's unclear whether or not there is a property interest that is created by the QITAM statute in which the taxpayer has a right, okay? So let's set that aside for a moment and talk about the right to the proceeds. What is your argument with respect to? I think it is very clear that there is a right to the proceeds under the QITAM statute. So if we're looking at that as opposed to sort of a property interest in the lawsuit itself, what's your best argument as to why that isn't clearly established? Yes. So I think the first thing is the tax proceeds themselves belong to the government. When it comes to the QITAM relator's claim, they may eventually have a claim for a portion of the proceeds that are actually collected by the government, depending on the circumstances, up to 30%. Didn't that happen here? Wasn't there a settlement that the government collected from the companies? No. What happened here was a QITAM lawsuit was filed, and the government was going through the normal process of dealing with taxes. The taxpayer actually shows up at the regular collections window and turns over a $600,000 check along with an offering compromise form filled out. That was not solicited by the government. I'm not sure that that's what the testimony that I've read in the record indicates. As I understand, in the bankruptcy proceeding, there was actual testimony from an executive at Titan that indicated that they were approached by DRT to engage in settlement negotiations to resolve the outstanding payment of taxes. I read the testimony differently looking at what's attached to the complaint in the sense that they came to DRT first, and then there were some discussions with the DRT workers about how they're going to take a check and maintain it, but it was actually in the testimony of Mr. Anton Howard-Cruz in Exhibit G to the complaint that he had given it to, and the offering compromise hadn't even been accepted by the Department of Revenue and Taxation. Can I just kind of funnel back into Judge Fletcher's first question? Because, however, whoever approached the window or whoever approached Toome, and I guess Judge DeSantis is raising this point as well, the statute guarantees the payment, and it seems to be – we can't figure out what's left because he's entitled to the payment. That's all been resolved now. Yes, and he got the payment. I think – Pursuant to the superior court order, so what's left of Titan? Nothing. It's been discharged in bankruptcy, and he got his money. I think it's only the – the only thing that may be left below that's not in the qualified immunity question is maybe his claims for injunctive relief related to the other cases to prevent us from not doing what we did before. But I think that's where – in further proceedings below, we're going to get back into abstention and other questions. When it comes to the qualified immunity question, I don't think it's clear that – Your time's running, so I want to make sure I get a question in. So let's assume we've got ongoing cases or possibility of claims with respect to Carson and Permarch. Those are the other two. They're mentioned in the complaint, and those two are in slightly different stages. I get that. I want to get to the legal question as to what constitutes a property right such as would support a due process claim. And I'm particularly interested in whether or not there is a property right not just in the statutory award. I think that's easy.  Is there a property right with respect to rights to conduct the action itself? And I'm particularly interested in the significance of the sentence written by Justice Scalia in the Vermont case where he says the statute – and I understand this is an analogous statute because it's the federal statute rather than the Guam statute. The statute gives the relator himself an interest in the lawsuit. So not just an interest in the outcome of the lawsuit but an interest in the lawsuit. Why is there no property right in the lawsuit? Because as the Supreme Court described in Polanski, these things are to vindicate the interests of the government. And if you look at the statute, there are four rights that are reserved to the government to settle, approve of any settlements reached by the relator, to dismiss notwithstanding the objections of the relator, and to pursue alternate remedies. The ultimate claim here in suit, the main objectives of it, belong to the government. This is really a private attorney general statute where they – The whistleblower act here, which is different than the federal statute, very explicitly says that if the state does not intervene, the relator has the right to bring the key tam suit and the government may not later intervene. That's a very clear statement. So how is this not type of explicitly mandatory language that creates a protected property interest? Because if you look at that paragraph B about settlement and dismissal, that is not conditional on whether the government takes the case at the beginning or not. The government maintains the right to settle and dismiss irrespective of whether they took the case. Actually, that goes back to the other statute that we were talking about. It doesn't say settle. It says it can pursue other avenues specifically. But you have a problem because, to Judge Fletcher's point, we're not dealing with a false claims act. We're dealing with one that's a little bit different. And as Judge Desai just pointed out, after this 60-day waiting period, the government can't get back in here. And that only makes your problem, I think, more difficult if you consider what the false – the Judge's earlier statement about the false claims act. Why doesn't he have an interest in the claim? And I think those are great questions for the Guam courts. I don't think it makes a 1983 claim, and that's really what it is. You have to figure out whether there's a property interest to know whether it's a 1983 claim, sir. And during the first 60 days, it seems to me you have a much stronger argument. But once Guam, for the reasons that Judge Desai just pointed out, once Guam doesn't come in, right, this statute, unlike the false claims act, doesn't permit the government to come back in. It does not permit the government to come back in. And it requires that they pay him. He got paid on the Titan case. And perhaps provide notice. Sorry, it is. Not at all. But the notice and the same rights in the settlement, if you look at Paragraph B, when dealing with settlement, which is specific to settlement, his same rights vest when a settlement has been achieved. And then we have to go and get court approval. There's no real allegation that a settlement was achieved here. He's just complaining about the ongoing settlement negotiations, which the government can always settle the tax obligation even if there's a lawsuit ongoing. They have the right to settlement and – We understand that point. Yes. I think we've taken you to that point a couple of different times, and you're pretty much out of time. Yes. What is your strongest argument to Judge Fletcher's response to Judge Fletcher's question, which is I think your position is that he doesn't have a property interest in the claim, only in the proceeds. What's your strongest argument that he doesn't have a property interest in the claim? In the main claim for taxes? Because that always belongs to the government. In the claim that's not yet been reduced to judgment. If it hasn't been reduced to judgment, then it's quite speculative, and he only actually has a right to the 30 percent proceeds at the time in which it's collected. Well, I understand it's speculative as to whether he's going to get the money, but does he have a right to bring the claim, and can we characterize it as a property right? That's the question. And I think that that is an excellent question for the Guam courts to decide on. Why is it not a question in front of us? Because I think that this is a local statute, and when we're here on qualified immunity, the fact that we're debating this demonstrates that the answer is significant and obvious for purposes of the law. You may be debating it, but if I make up my mind and I disagree with you, we're done. Yes, I understand that. I'd like to reserve the last couple seconds that I have left. Why don't you go back to council table, and when you come back for rebuttal, we'll give you two minutes. Okay, thanks. Good morning, Your Honor. Excuse me. Good morning, Your Honors. May it please the Court. My name is Braddock J. Huesman. I represent the applee, Mr. John Ryan. With my time today, I'd like to discuss three points with this Court. The first is in response to the Court's order, I'd like to discuss why the Titan judgment does not affect Mr. Ryan's claims, in this case, or this Court's jurisdiction. My second point, I'd like to talk about the District Court's order and how the District Court did not determine any facts. And for my third point, I'd like to discuss how the DRT defendants are not entitled to qualified immunity, that they had fair notice. You start with Judge Fletcher's first question. In the Titan claim, what's left? So what's left in the Titan claim, the judgment has been issued, but what there is— That's for 30 percent of the $600,000? So it's not $600,000. What is it? So the attempted settlement was $600,000. The government took that money in. Then during the bankruptcy, Mr. Ryan was able to force Titan to pay the total priority tax claim, which is about $1.4 million, inclusive of the $600,000. What did the Superior Court enter? And then the Superior Court entered a judgment in favor of the government of Guam for, I think, $1.4 million, and awarded Mr. Ryan 30 percent. 30 percent of that? Of that money, yes. Of the larger amount, yeah. Of the larger amount, yes, Your Honor. That's very helpful. So that's over. That is over. What's left of Titan? So there's nothing left in that case, Titan, to do, but there are— Is there an appeal? No. No, that's over, right? So what I would say to the Court's question is there's still damages that flowed from their decisions to, without notice, try and settle that case out from under. So your argument in this case is twofold, as I understand it. You're no longer arguing that the fact that your client wasn't paid the proceeds is a deprivation of the property right. You are arguing that both the secret settlement negotiations was a deprivation of a property interest, and you're arguing that your client had right to notice of those settlement discussions that he never got. Yes, Your Honor. And also that he never got notice of the ultimate payment of the proceeds, and that also gives rise to a separate property interest. Yes, Your Honor. And I'm also—and I agree with Judge Fletcher. I think that there is a right to control under the statute, the lawsuit, and that right to control means nothing if this court in Henry Schimel's bankruptcy case from the 90s— Wait a minute. Before you do that, can you go back to the— Judge Fletcher, I think, was making a different point, and this is kind of an important fork in the road, right? There's a statute. It is 37203E that expressly allows the government of Guam to go forward and pursue any alternative remedies. I don't disagree with that at all. They can pursue any alternative— What gives you the right to have notice of that happening? Well, this is what gives me the right, because my client has the right to pursue the claim, and this does go in with Schimel's in that there is one claim, and the government— Oh. They just have to pay you. Agreed. And—but this is the problem. What they did at the time was they did it secretly. So there were basically— Well, that—hence my question. Okay. What's wrong with that? Oh, without notice? Yes, that was the question, sir. Right. And this is the point, Your Honor, and this is what I'm trying to make. I'm trying to answer your question. Okay. When you don't give Mr. Ryan notice that you're attempting— when—excuse me. When the DRT defendants fail to give him notice that they're taking the claim back through an alternate remedy, Mr. Ryan is pursuing the claim. He's expending attorneys' fees. They are going to settle the claim without letting him know they're settling the claim, and he's expending fees for no purpose. You're conflating these two issues, and that's sort of giving me some difficulty here, because even when answering the question that I think Judge Kristen is asking you with respect to why your client was entitled to notice, with respect to the ultimate settlement and proceeds, you're talking about the right to notice that settlement negotiations were occurring. And I think that goes to—you know, when I asked my question a few moments ago, you said you have two separate claims that arise out of two separate property interests. But now you're kind of conflating those things. I'm sorry. I believe that the right to control the claim, the— The lawsuit. The lawsuit doesn't mean anything if, while he's trying to control the lawsuit, there is this separate settlement going on that he's not aware of. Okay, let's assume for purposes of the discussion that we disagree with you, and that because there's language in the Whistleblower Act that allows the government to have these alternative remedies and they're going to settle it, explain to us what your claim is for notice with respect to the proceeds that are ultimately obtained by the government when they do, in fact, settle the claim out from underneath you. Okay. So as soon as the government settles the claim out from under the individual, right, in that case they've accepted money, right? It has a statutory entitlement to the award. It also has a statutory entitlement to attorney's fees. It's unclear what happens in your hypothetical to those attorney's fees. Those are still—they were supposed to be awarded, but the government has settled those out from under him. And there's no additional mechanism within the statute to get those back because the government doesn't pay the attorney's fees. The settling party that they settled with does. There are other QITAM statutory schemes that allow the government to come back in and seek to intervene. Guam doesn't do that. No. But in those other cases where the government can come back in, the government can control litigation. So I'm trying to figure out how you get to a right to notice given—or I think you want notice in participation given 37203E. Guam made a different choice, in other words. They said after that 60-day period, the government can't come back in.  But it also memorialized that Guam can pursue alternative remedies. Right. And if you look at 37203E, they're supposed to get the same rights in any proceeding in that alternate remedy that— excuse me when I say that. Maybe this is that you're relying on the end of that statute. If the person initiating the action shall have the same rights in such proceeding as the person would have had if the action had continued under this section. So it's not just your entitlement to the bounty. Right. You also want other rights, which would be if the action had continued under this section. Right. And so— If the action had continued under this section, how would the government— your client would have been entitled to all the notice pursuant to the lawsuit. Well, and that's the point you're on, right? I don't want to interrupt you. No, no. I didn't do a good job. I'm just trying to figure out how does this get you where you want to be. Well, this is why I think that gets us where we want to be. In the lawsuit, I am entitled to notice. I am entitled to the decisions. Every time there's something filed, I'm brought in. What I'm saying is when they decide to settle the case, when they— excuse me, when they exercise an alternate remedy, I'm entitled, Mr. Ryan is entitled to the same rights in that alternate remedy. I think I figure out why we're having a disconnect.  Let me read this to you so you can help me out. It says, if such alternate remedy is pursued in another proceeding— so I'm envisioning a different proceeding, an administrative proceeding or one of the enumerated ones, and you'd have all those rights and you'd be entitled to notice. Sure. I get that. I'm trying to figure out specifically, since settlement isn't an enumerated alternative proceeding, why your position is that 3702E gives you a right to notice and participate in a settlement proceeding. Well, because they're settling— I should have said settlement negotiations, sorry. Right. And this becomes the point. They're the Department of Revenue and Taxation. They're a bureaucracy that sets the tax liability here. The idea that they're informally setting tax liability makes no sense to Mr. Ryan or to me. The idea that the tax liability was set when they determined those numbers, it's not an informal discussion. Those aren't the allegations in the thing. The allegation in the complaint is that they had some kind of administrative determination that this is the amount of tax owed. It was 2.4, whatever the actual number became. And to arrive at the total amount that Titan owed, the government had to engage in some kind of bureaucratic mechanism. What does that have to do with the government's ability to enter into a negotiation to settle the claim? I'm missing you. Once they enter into that negotiation, I think that's an administrative proceeding. I think under the Ninth Circuit case law— Oh, you think it's an administrative proceeding. I think all those are administrative proceedings. I think they're alternate remedies, and I believe when they set the amount, whether it's informal or formal, it's an administrative proceeding. I see. Because the— I get it. Thank you. I understand your position. Thank you for your clarification. And so if that— I think the opposing counsel's view is that what exactly the right that's created by this particular statute, because it is specific to Guam, should be decided in the first instance by the Guam courts. What's your position? And I think that amounts to an argument for certifying a question, although I'm not sure. I'm not sure exactly what the argument is, but what is your response to that? This court has full authority to and power to review what is facially clear statutory language and determine whether property rights were created through Guam law. And if property rights are created under Guam law, and here they are, there was the use of the shal, this court can determine that they violated those property rights by their actions. You know, here's kind of almost a metaphysical question. When does a right become a property right as distinct from merely a right? So is a right to conduct a litigation not merely a right but a property right? At what point do we call it a property right? In this case, I would say—well, in the case of a DRT—excuse me, of a Cuitam, I would say that it's a property right as soon as the government files this declination because that triggers— That's after the first 60 days. Yes. And is that true for any Cuitam case or just one that arises under the Guam statute? I would say that it's true for any Cuitam case once the government declines. Even under the federal statute where they're permitted to intervene at a later date? Yes. And the reason I say that, Your Honor, is because—and in the Polanski case it's clear— the government doesn't get to intervene like the government tried here. The government provides the relator notice and puts it in front of the court and says, this is what we're going to do. Well, I think under the federal statute the government's free to seek leave to intervene. Yes. They can't unilaterally decide they're going to do it. Agreed. They may have to show good cause to intervene at that. Right, but Guam doesn't even allow that. No. No. Has the 60 days passed for all three of these lawsuits, the Carson, Permarch, as well? Okay.  What's remaining for your claim? Is opposing counsel right in understanding what's left of your request for injunctive relief? Basically, because this is the problem, and it's a bit of a moving target. But the governor of Guam, they've taken these similar actions in each case, and what we're saying is either declare your alternate remedy and step in and do this, or don't, but don't meddle in the cases, don't halfway interfere. Counsel, you just have to be more specific for me, okay? Sure. We do our best, but it's a full docket this week. So you want an order that says the government of Guam, what, must give you notice if they're going to institute negotiations for settlement? Yes, Your Honor. And is it your position that your client ought to be able to participate in those negotiations? Is that part of your request? I believe we have the same rights in those. Counsel, it's a yes or a no. Yes. I just need to know. Yes. All right. So you want notice of any negotiations for these other two cases? Yes, Your Honor. Outstanding. Thank you. And you think you're entitled to a participation? Or at least participation in that we – I'm not saying, like, for example, a criminal case would, I think, be an alternate remedy. Do you have any reason to believe that there is a settlement that's been reached in the other cases? No, but I have reason to believe that they have set the value in both those cases. And have you received notice of any proceeds collected by – Yes. In which cases? And what have you received? In Carson, they collected almost immediately in Carson. That might have been what my friend from the other side was saying. They ran to the – the Carson defendant ran to the court – to DRT, made a payment, and they sat on that payment. They didn't – Who's the they in your sentence? Oh, excuse me. The DRT defendants took that payment from the Carson defendants, set the value of the claim, didn't tell Mr. – You mean compromise it? They'd already said it. It was not setting tax liabilities. So you're confusing me. You mean compromise it at a value? No. They set the value in that they took Carson's – Carson went in and filed GRTs, the tax returns, basically, and set the number of what Carson said it was, paid taxes on that amount, and they set that value when they accepted the money and took it in. And they took that – I think it was around $90,000. Did all of that happen after the 60-day period? Yes. So you're entitled to, under your view of the law, to your bounty? Yes. Okay. And do you have some reason to think you're not going to get that bounty or that that's ripe for us? Well, not – well, for that bounty, no. They've – well, let me – Are those claims part and parcel of this action? Yes. Because they've taken the same actions. In other words – So we understand that. Just – can you go back to Judge Desai's question? Because I think you're slipping right past it. She asked you whether they're part of this action, and I'm understanding you to say – you said yes. Yes. So it's because you want an injunction that says they can't do in those cases what they did in this case? Is that it? Yes, Your Honor. So in the Carson case, they accepted this $91,400. Mm-hmm. And are you saying that not only you're entitled to your ketamine portion of that amount, but you're entitled to something beyond that because they settled it for pennies on the dollar? No, and I don't even know that it was pennies on the dollar. So their behavior has changed since they've been defendants in federal court. And what I had in Carson when we filed this claim two years ago, whenever the – I think it was 22. What we had in Carson was a government refused to pay the claim, refused to pay the award, denied a government claim, and then entered into – filed papers in Carson saying, when we physically collect the money, we don't have to pay an award. So it's changed a little bit since they've become defendants. Now they've agreed to an order to pay the award, but we're two or three years down the road. Are you seeking damages for the lack of notice? I'm seeking damages that stem from the lack of notice. I'm not sure how much the damage is for the absolute lack of notice. It's a vindication of my right. I think there are – So doesn't that in and of itself sort of make this case not moot if you have even nominal damages? Exactly, Your Honor. So do your nominal damages from lack of notice, if they're agreeing that they owe you 30% of what they took and you're not – Judge Fletcher, you're not worried about them having settled for pennies on the dollar? In fact, in Titan, with the lack of notice – so let me go back to Titan. So in Titan, the lack of notice, we spent – Oh, because you kept litigating. We kept litigating for two years to know – Because you didn't know that they had settled? Because we did not know that they had entered into these settlement agreements. And that's your claim? And those are my claim for damages that stem from the claim. In response to Judge Desai's question, that's your claim? That's the claim. Okay, so could I follow up on one more thing? When we asked about your remaining claim for injunctive relief, and we've paraphrased this now a couple of times, and maybe this is our fault, but we've paraphrased it as you want an order that prohibits the government of Guam from doing in these other two cases what they did in Titan. Yes. Do you have a claim for declaratory relief in addition to injunctive relief? You want an interpretation of the statute. Is that it? I believe we've asked for that. I'd have to go back. Okay. But at least I'm understanding the gist of what we're – that's helpful to me. Okay. Judge Desai, do you have additional questions? Thank you for your patience with our questions. Thank you, Your Honor. Your Honor, for the qualified immunity analysis here, even if notice of settlement negotiations and settlement ultimately is required by the statute, there is nothing on the face of the statute that makes that clear or well settled for the purposes of imposing personal liability against Daphne Shimizu and Marie Lozama. That might be true with respect to the property interest in the action itself, maybe. I don't know. But that – it seems very hard for me to understand how that argument applies to the proceeds. So to the proceeds. They may have a right to the proceeds when it is reduced to a judgment. If you look at the statute additionally for settlement, it requires the court approval of any settlement, whether it's a settlement reached by a key TAM relater or by the government over the objections of the key TAM relater. So the allegations that there's been some secret settlement would not even be enforceable. Is it reduced to a judgment or the collection of? Actually, the collection of is what I think is contingent upon, but I think at least a – some sort of future interest in the collections may be – if you get it reduced to a judgment. Are you disputing that Guam would owe the bounty to – regardless of any alternative remedy that it pursues after the 60-day period kicks in, right? Yes. Are you disputing that Guam would owe the bounty no matter what procedure it uses to resolve the claim? I don't think there's any dispute that Guam would owe some amount of a bounty, but depending on the assistance from the taxpayer, it may either be the 30 percent if it's directly in relation to the issue or the range for administration. The answer to my question is no. No. Why not just intervene in these cases when given the opportunity? So given the – because some of these – I don't know. I wasn't involved in the decisions to take them, quite honestly. But at the same time, at the end of the day, these are private attorney general statutes that a private individual is acting to vindicate the government's interests. And so it's a well-settled thing. What's unique about here and what makes sense here is – What typically happens in these cases, though, is when the government says, we don't think there's anything, there's no – they're there, we're not going to expend resources, we just won't intervene, and you go on and litigate your QITAM action. Yes. But here you're saying we don't want to intervene, but then pursuing these alternate remedies without any notice to the plaintiff who's filing these cases in the first instance, and I'm not even sure that the government would know about it but for the filing of the QITAM action. And so most of the tax debts in Guam actually get resolved through the assessment process and assessment and then a challenge to an assessment and other things like that. And so if there's a settlement going on related to the assessment process, that's not really a proceeding. Going back to Judge Kristen's question, a proceeding really requires an agency hearing, not just the agency's administrative review of records. It actually really requires a proceeding. But that's really where the – I think where the tension is, and for purposes of qualified immunity, none of that's preeminently clear. I think we can resolve some of those, flesh them out on remand, flesh them out in the superior court cases, but I really think for the purposes of this qualified immunity appeal, none of that provides fair warning that's beyond debate to the two individuals involved here where they're seeking personal liability. Maybe for Titan, but he's requesting injunctive relief and declaratory relief about what happens with these other two cases. That's as to the official capacity suit against the government of Guam for injunctive relief. No, it's not. It's as to the two outstanding cases, and that has to resolve whether they're going to be entitled to a notice of future negotiations so they don't keep burning attorneys' fees in their ongoing litigation. Yes, but that is subject to a portion of the order that wasn't appealed because what was appealed here was the denial of qualified immunity because that's what it's immediately appealed for. I apologize for extending your time. Qualified immunity as to what? Qualified immunity as to the damages sought for all the attorneys' fees they expended because you didn't let them know that you were litigating in a parallel function? Is that where the qualified immunity argument is coming in? The monetary damages, whatever the damages claimed are, whether they're monetary, whether they're attorneys' fees and costs, because even if you look at the statute . . . Can you slow down a little bit so I can understand you? I want to be sure I don't miss anything. So the attorneys' fees and costs are maybe one of the parts of the damages that he may seek, but even if you look at the statute, he can get an award against that, against the defendant in the Superior Court, and at least in Titan never brought that claim and still has that ability to bring the claim in the Carson and Permarch cases. As nominal damages as well, it applies. What involvement did your clients have in the decision to pursue the litigation without telling these people? Pursue what litigation? There's the He-Tam litigation that's going forward. Then there's, I'll call it the litigation, but then there's the collection that your people were doing in secret. What involvement did your clients have with that? Based on the allegations of the complaint, that's quite unclear, other than some general allegations of conspiracy and secrets of . . . Why can't you just answer that question? I don't . . . Your client would know. I mean, the allegations don't tell us what involvement your client has. Your client knows what involvement your client has. Yeah, and I do think that's a fact issue for testimony from them. I don't even know if they're really certain as to what the factual things that they've done . . . The allegations? . . . would trigger liability in the allegations. If there are allegations, it's that they talked to the taxpayer. The allegation is that they negotiated to summarize, right? Yes. That's the allegation? And maybe they did, but I don't think that that violates the statute or it violates any clear prohibition in the statute when it actually provides the settlement right in Part B and the alternative remedy in Part E to the government. And the relator's rights are only triggered when a proceeding is triggered. Counsel, this is way over time, so you need to answer the judge's last question. Yeah, I just have one last question. Do you . . . What is your best authority for your argument that there is no property interest in the lawsuit itself? Because I hear what you're saying is that it's not clearly established. Yes. We can clearly establish it, even if it were not the case for this case that it was clearly established.  But, do you have any authority that you think strongly indicates there is no property interest in the lawsuit? For at least a portion of the lawsuit, the Superior Court of Guam has ruled that the whistleblower statute here is not retroactive. And a good portion of the claims involved here, because the tax debt in Titan, for example, was from 2015 to 2019. The whistleblower law was enacted in 2018. So, at least for a portion of the claims, there would actually be no property interest vested for a good portion of the claims here, even if there is a property interest under the statute. Additionally, under Polanski's decision and the decisions about that, this all comes back to vindicating the government's interest. And then you may have a right, or even a property right at best, if you have reduced it to a judgment and collections, because it's really a claim for compensation as a private attorney general. And so, for those reasons, I ask that this court reverse the judgment denying qualified immunity to the individual defendants. Thank you for your argument. We'll take that case under advisement. Thank you. I think several people have traveled quite a distance for this argument. We appreciate that.
judges: FLETCHER, CHRISTEN, DESAI